**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4352**

_____

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

KENNETH STEWART,

> Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:21-cr-00019-TDC-1)

_____

Submitted: April 28, 2023                    Decided: October 6, 2023

_____

Before AGEE and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Hughie D. Hunt, II, KEMET HUNT LAW GROUP, INC., Beltsville, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Baltimore, Maryland, Ellen E. Nazmy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Stewart was convicted, following a bench trial before a magistrate judge, of driving under the influence of drugs or alcohol, in violation of 36 C.F.R. § 4.23(a)(1) (2022).[1]   On appeal, Stewart contends that the magistrate judge erred by admitting a toxicology report and that there was insufficient evidence to sustain his conviction. Finding no reversible error, we affirm.

"[A]ppellate review conducted by a district court after a bench trial before a magistrate judge is not a trial de novo; rather, the district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005) (citing Fed. R. Crim. P. 58(g)(2)(D)). "[O]ur review of a magistrate court's trial record is governed by the same standards as was the district court's appellate review." *Id.* at 305-06.

First, Stewart challenges the admission of a toxicology report containing blood test results, claiming that it was inadmissible hearsay and that the Government did not establish that the blood draw was administered by a qualified individual.  Generally, "[w]e review a district court's evidentiary rulings for abuse of discretion." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018).  However, when a defendant fails to preserve his argument on appeal, plain error review applies. *United States v. Zayyad*, 741 F.3d 452, 458-59 (4th

---

[1] None of the Code of Federal Regulations sections cited have been amended since Stewart committed the offense.

2

Cir. 2014). "To preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal." *Id.* at 459 (cleaned up).

Stewart failed to preserve his hearsay argument, and our review of the record shows that the magistrate judge did not err, plainly or otherwise, in admitting the toxicology report.

> An authorized person who has probable cause to believe that an operator of a motor vehicle within a park area has violated a provision of paragraph (a) of this section shall get a search warrant, except when exigent circumstances exist, to obtain any blood samples from the operator for the purpose of determining blood alcohol and drug content.

36 C.F.R. § 4.23(c)(3) (2022). "Authorized person means an employee or agent of the National Park Service with delegated authority to enforce the provisions of this chapter." 36 C.F.R. § 1.4(a) (2022). "Any test shall be conducted by using accepted scientific methods and equipment of proven accuracy and reliability operated by personnel certified in its use." 36 C.F.R. § 4.23(c)(5) (2022).

The evidence shows that the relevant regulations were followed. Testimony established that a United States Park Police Officer took Stewart to the hospital for a blood test after he found Stewart in his truck down an embankment off the side of the road. The officer testified that Stewart was disoriented and smelled like a chemical consistent with PCP. Once the officer and Stewart arrived at the hospital, Stewart consented to a blood draw. The officer was an authorized person, and Stewart consented to a blood draw, obviating the need for a search warrant. Further, the expert toxicologist properly authenticated the toxicology report under Fed. R. Evid. 901(b), and testified that the testing procedure employed "accepted scientific methods and equipment of proven accuracy and

reliability operated by personnel certified in its use," 36 C.F.R. § 4.23(c)(5), and the admission of the machine-generated data posed no hearsay issue. *See United States v. Washington*, 498 F.3d 225, 231 (4th Cir. 2007). Accordingly, we find no error in the admission of the toxicology report.

Next, Stewart challenges the sufficiency of the evidence. A district court, "on the defendant's motion[,] must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "We review de novo a district court's denial of a Rule 29 motion." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021) (internal quotation marks omitted). In doing so, we must "draw[] all reasonable inferences from the facts" "in the light most favorable to the prosecution." *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019) (internal quotation marks omitted). "We will uphold the verdict if . . . it is supported by substantial evidence." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (cleaned up). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

Federal law prohibits the "operat[ion] or . . . actual physical control of a motor vehicle . . . while . . . [u]nder the influence of alcohol, or a drug, or drugs . . . to a degree

4

that renders the operator incapable of safe operation." 36 C.F.R. § 4.23(a)(1). "[A]ctual physical control . . . exist[s] when the vehicle's owner is conscious and seated in the driver's seat with the key in the ignition." *United States v. McFarland*, 445 F.3d 29, 32 (1st Cir. 2006).

We conclude that the Government introduced sufficient evidence that Stewart was in actual physical control of a motor vehicle while under the influence of drugs. The officers testified that Stewart was in the driver's seat and that he was alone. Two officers testified that the key was in the ignition. The evidence also established that the vehicle was off the road with its lights on, down an embankment, and appeared to have hit a tree. One officer testified that the engine was running, and while another officer testified that the car was off and another could not recall whether the car was running, "we defer to the [fact finder]'s determinations of credibility and resolutions of conflicts in the evidence, as they are within the sole province of the [fact finder] and are not susceptible to judicial review." *United States v. Louthian*, 756 F.3d 295, 303 (4th Cir. 2014) (internal quotation marks omitted).

Further, the officers described Stewart as disconnected, incoherent, and unable to follow orders. They testified that, based on their training and experience, Stewart smelled like PCP and that a vial found in the truck contained what appeared to be PCP. A blood test indicated that Stewart had PCP in his blood, and a toxicologist testified that any amount of PCP could impair an individual's ability to operate a vehicle, and that PCP causes disconnectedness and psychomotor impairment. Drawing all reasonable inferences in

5

favor of the Government, substantial evidence supported Stewart's conviction for driving under the influence of drugs.

Accordingly, although we deny the Government's motion to dismiss the appeal as untimely,[2] we affirm Stewart's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] On an earlier limited remand, the district court granted Stewart's motion for extension of time to appeal; the Government does not challenge that ruling.